LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob@spretnak.com
Attorney for Plaintiff

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Anthony L. Martin, Esq. (Bar No. 8177)
Christopher M. Pastore, Esq. (Bar No. 11436)
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, Nevada 89169
Telephone: (702) 369-6800
Fax: (702) 369-6888
Email: anthony.martin@ogletreedeakins.com; christopher.pastore@ogletreedeakins.com
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH N. JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation,<br><br>    Defendant. | Case No.: 2:13-cv-01079-APG-NJK<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS PRODUCED** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, on joint motion of the parties and for good cause shown, the parties hereby stipulate and agree that a Protective Order should be entered in this matter as set forth below.

Plaintiff Joseph Jones ("Plaintiff"), represented by Robert Spretnak, has filed an action in the above-captioned court against Defendant Target Corporation ("Defendant"), represented by counsel Anthony L. Martin and Christopher M. Pastore alleging: (1) employment discrimination disability in violation of the Americans with Disabilities Act ("ADA") and Nevada law (Counts I and II); (2) employment retaliation in violation of the ADA and Nevada law (Counts III - VI); (3) interference with his rights under the Family and Medical Leave Act ("FMLA") (Count VII); and (4) wrongful interference with prospective economic advantage (Count VIII).

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 1 of 5

During discovery in this matter, Plaintiff is expected to request confidential, non-public information and documents from Defendant, including but not limited to, personnel files, payroll records, and other information and documents regarding certain Defendant's employees who are parties to this action as well as other policy and internal documents from Defendant that confidential, proprietary and/or contain trade-secret information. Defendant considers this information and these documents to be private and confidential.

Defendant is expected to seek and has requested documents and information regarding the Plaintiff's compensation, employment and personal financial information as well as detailed medical information regarding Plaintiff. Plaintiff considers this information to be private and confidential.

Discovery in this case will require the production of documents, inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions, during which the aforementioned confidential and/or private information and documents of the parties will be exchanged and disclosed. To expedite the flow of discovery without risk of automatic waiver of privilege or work product protection, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, the parties agree to limit the disclosure and use of confidential and private information and documents as stipulated to pursuant to this Protective Order on the following terms:

Therefore, it is hereby ORDERED by the Court that the following shall apply to information, documents and excerpts from documents supplied by the parties to each other as initial disclosures, in response to discovery requests, or via any other method of production, formal or informal:

1. Counsel for any party may designate any document or information contained in a document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "**CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER**." "Confidential" information or documents may be referenced collectively as "confidential information."

2. Any medical records produced pursuant to the an "Authorization for Use or Disclosure of Protected Health Information," or similar release signed for the production of medical

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 2 of 5

1  records, are designated "confidential" for purposes of this Stipulation even without the labeling set
2  forth in Paragraph 1.

3      3. Unless ordered by the Court, or otherwise provided for herein, the party receiving
4  information designated hereunder as "confidential," that is produced in this matter, may use such
5  information only for all purposes in the course of this litigation, the matter of *Joseph N. Jones v.*
6  *Target Corporation, a Minnesota corporation,* 2:13-cv-01079-APG-NJK.

7      4. In the event a party challenges another party's confidential designation, counsel shall
8  make a good faith effort to resolve the dispute in accordance with LR 26-7 and in the absence of a
9  resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this
10 Stipulated Protective Order operates to create an admission by any party that confidential
11 information disclosed in this case is relevant or admissible. Each party specifically reserves the right
12 to object to the use or admissibility of all confidential information disclosed, in accordance with
13 applicable law and Court rules.

14     5. Information or documents designated as "confidential" pursuant to paragraph 1,
15 *supra*, shall not be disclosed to any person, except:

16         a. The requesting party and counsel of record;
17         b. Employees of such counsel assigned to and necessary to assist in the litigation;
18         c. Consultants or experts to the extent deemed necessary by counsel; and
19         d. Any person from whom testimony is taken or is to be taken in these actions,
20 except that such a person may only be shown that confidential information during and in preparation
21 for his/her testimony, and only as needed for purposes of that third party's testimony, and that such
22 person shall not retain the confidential information.

23     6. Prior to disclosing or displaying the confidential information to any person, counsel
24 shall (1) inform the person of the confidential nature of the information or documents; (2) inform
25 the person that this Order has restricted the use of the information or documents by him/her for any
26 purpose other than this litigation and has restricted the disclosure of that information or documents
27 to any other person; and (3) obtain a signed acknowledgment from that person, specifically stating
28 that the person has been informed of (i) the confidential nature of said information or documents and

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 3 of 5

1     (ii) the restrictions on the use and disclosure of said information or documents set forth in this Order. Such signed acknowledgment shall be in the form of Exhibit A, attached hereto.

    7.     The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(c) and (d) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court .

    8.     Information or documents designated as "confidential" pursuant to paragraph 2 may be used for any purpose in connection with this litigation, including use as exhibits for motions filed with the Court or as trial exhibits. Otherwise, information or documents designated as "confidential" pursuant to paragraph 2 are subject to the same restrictions and limitations as provided in paragraph 5, *supra*.

    9.     For the purpose of Paragraphs 5(d) and 8, *supra*, any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion. This Protective Order does not provide for the automatic sealing of such documents.

    10.     At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to the producing party or certified as destroyed.

    11.     The above is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential information; or to object to any subpoena or to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court. The parties and their counsel acknowledge that it is their responsibility to timely move for further protection of any documents and information, if needed. The withholding party should move for any such order prior to the due date for any responses, when practicable. The responding party will not be required to produce responsive documents and information until after

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 4 of 5

1  the Court has ruled on any motion for protective order. Once the Court rules on the motion, the
2  parties will be required to comply with the decision immediately.

3

4  DATED: November 6, 2013.                             DATED: November 6, 2013.

5  LAW OFFICES OF ROBERT P. SPRETNAK        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

6  By: /s/ Robert P. Spretnak
    Robert P. Spretnak, Esq.                         By: /s/ Christopher M. Pastore
7      (Bar No. 5135)                                        Anthony L. Martin, Esq.
                                                                               (Bar No. 8177)
8  Attorney for Plaintiff                                      Christopher M. Pastore, Esq.
                                                                               (Bar No. 11436)
9  8275 S. Eastern Avenue, Suite 200
   Las Vegas, Nevada 89123                          Attorneys for Defendant
10
11                                                                               3800 Howard Hughes Parkway, Suite 1500
                                                                              Las Vegas, Nevada 89169
12
13
14                                  IT IS SO ORDERED.
15 DATED: November 7, 2013
16                                  UNITED STATES MAGISTRATE JUDGE
17
18
19
20
21
22
23
24
25
26
27
28

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 5 of 5

LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob@spretnak.com
Attorney for Plaintiff

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Anthony L. Martin, Esq. (Bar No. 8177)
Christopher M. Pastore, Esq. (Bar No. 11436)
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, Nevada 89169
Telephone: (702) 369-6800
Fax: (702) 369-6888
Email: anthony.martin@ogletreedeakins.com; christopher.pastore@ogletreedeakins.com
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSEPH N. JONES,

    Plaintiff,

vs.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

Case No.: 2:13-cv-01079-APG-NJK

**CONFIDENTIALITY AGREEMENT**

1. I, _____, hereby acknowledge that I am about to receive confidential information supplied by (check one below)

    ☐ Plaintiff Joseph N. Jones; or

    ☐ Defendant Target Corporation, a Minnesota corporation.

2. I have read the "Stipulated Protective Order Regarding Confidentiality of Documents Produced" entered in the matter of *Joseph N. Jones v. Target Corporation, a Minnesota corporation*, Case No. 2:13-cv-01079-APG-NJK. I am executing this "Confidentiality Agreement" governing the restricted use of the confidential and protected information in this litigation, which has been provided to me. I agreed to be bound by the terms of this "Confidentiality Agreement."

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

# EXHIBIT A

Page 1 of 2

3. I will not use any of the confidential and protected documents and information for any purpose other than the litigation at issue in this case. I further affirm that I will not reveal any confidential information to, nor discuss it with, any other person except in accordance with the terms of the "Stipulated Protective Order Regarding Confidentiality of Documents Produced" entered in this matter.

4. At the conclusion of this litigation, I will return any confidential or protected information provided to me in this matter to the attorney or law firm from whom it was received. This shall include all confidential and protected documents, we well as any copies of the documents, testimony, summaries, notes, extracts or abstracts containing any confidential and protected information. If said documentation has been destroyed, I shall certify to that effect upon request.

5. I submit to the jurisdiction of the Court identified in this Agreement for the limited purpose of enforcing the "Stipulated Protective Order Regarding Confidentiality of Documents Produced" entered in this matter.

Signature: _____

Printed name: _____

SUBSCRIBED and SWORN to before me on this ____ day of _____, 201__.

_____
NOTARY PUBLIC

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

# EXHIBIT A

Page 2 of 2